# In the United States Court of Federal Claims

No. 19-1717C

(Filed: December 6, 2019)

|  |  |
|---|---|
| **CHARLES R. DORSEY,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |

## ORDER

    Charles R. Dorsey filed *pro se* what he has termed a "Mandatory Judicial Notice" ("Notice") in this Court.[1] In his Notice, the plaintiff purports to appoint the Chief Special Master of the Court, who oversees the vaccine injury compensation program, as the "Special Executor" for the case. There is otherwise no complaint.

    Pleadings filed *pro se* are entitled to a liberal construction, *Haines v. Kerner*, 404 U.S. 519 (1972). In accordance with this principle, the Court will treat the Notice as a complaint and attempt to construe it to identify a defendant or defendants. The crux of the plaintiff's complaint appears to be that the State of Texas has somehow violated the terms of a plea bargain or some other unspecified agreement with the plaintiff. To remedy this alleged violation, the plaintiff appears to seek a writ of habeas corpus.

    The Notice and its attached affidavit raise several issues. In the affidavit, it appears that the plaintiff seeks to vindicate the terms of a plea bargain he made with the State of Texas and under which he appears to have been sentenced in 1998 to a term of imprisonment of 40 years. Specifically, the plaintiff seeks to have certain bonds identified by CUSIP number delivered to him so that he may "endorse all instruments and proceeds over to the United States in fulfillment of his duties under 12 U.S.C. 95(a), so the United States (beneficiary) may have its reversionary interest." (Notice at 1.) The plaintiff claims he "is exchanging the expectancy of the interest in these items for credit to the Social Security account, to account for, extinguish, and obliterate any debt, duty or obligation in the account established . . . ." (Notice at 2-3.) The plaintiff further

---

[1] The Notice was received without payment of the filing fee or a motion to proceed *in forma pauperis*. The Court directed the plaintiff either to remit the filing fee or to move for leave to proceed *in forma pauperis*. The plaintiff subsequently remitted the filing fee.

7018 2290 0000 5183 8297

claims that his "contracts have been violated and fraud committed against the United States[.]" (Notice at 2.)

The plaintiff specifically alleges that he has a "contract [ ] with the United States, and under 15 U.S.C., Part 1, nobody can interfere with that contract." (Notice at 3-4.)

The plaintiff appears to allege that state courts of Texas, specifically the 284th District Court, and the Texas Department of Criminal Justice "are dishonoring the offer they accepted, and they are defrauding the beneficiary which is the United States by not forwarding funds to the United States Treasury," an act constituting "unlawful conversion." (Notice at 4.)

The plaintiff cites several provisions of Titles 12, 15, and 18 of the United States Code, but none is readily pertinent to any claim the plaintiff appears to be making.

The plaintiff ultimately urges that "[a]fter signing the Order to void the sentence and judgment, the Order of Release should be sent to the U.S. Marshals or Provost Marshal in Corpus Christi, Texas, so they can remove [the plaintiff] from [prison] thus insuring his safety and the compliance of Texas [Department] of Criminal Justice, the State of Texas, and the 284th District Court, Conroe, Texas to release [the plaintiff] since he is acquitted and discharged from any further obligation." (Notice at 5-6.) In effect, the plaintiff is seeking from this Court a writ of habeas corpus. *See* 28 U.S.C. § 2254.

The Court has a responsibility to ensure that it has jurisdiction over any claim and over the parties against which claims have been asserted. *See, e.g., St. Bernard Parish Gov't. v. United States*, 916 F.3d 987, 993-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 44 F.3d 1309, 1315 (Fed. Cir. 2006).

The Supreme Court has made clear that this Court does not have jurisdiction over a complaint insofar as it names defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). *United States v. Jones*, 131 U.S. 1, 9 (1889). Accordingly, the Court is unable to consider any claim the plaintiff may have against any party except the United States.

The Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction to entertain a claim against the Unites States if the Claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law

mandating compensation for damages sustained, except from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

To invoke this Court's jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, which means the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

As noted, the plaintiff is proceeding *pro se*, and his pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel. *See Haines*, 404 U.S. at 520. Giving a *pro se* litigant's pleadings a liberal construction, however, does not otherwise allow a court to divest a *pro se* plaintiff from the responsibility of having to satisfy the jurisdictional requirements limiting this Court's jurisdiction. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's Notice, which the Court will construe liberally as a complaint.

The plaintiff makes no allegations that could be construed as claiming wrongdoing by the United States. Indeed, he asserts that he is suing to recover funds owed to the United States. Those the plaintiff vaguely points to as having committed the wrongs of which he complains are public instrumentalities of the State of Texas.

The plaintiff appears to allege violations of 12 U.S.C. § 95, dealing with the authorities of the Federal Reserve, but he does not identify the alleged wrongdoer. Reading the complaint liberally, if the Court were to construe these claims as being against the United States, the only defendant over which this Court may exercise jurisdiction, the claims would not fall within the Court's jurisdiction because 12 U.S.C. § 95 it is not a money-mandating statute. The statute merely requires the Federal Reserve to take certain actions in the event of a presidentially-declared emergency.

To the extent that the plaintiff seeks a writ of habeas corpus, such an action is beyond the limited jurisdiction of this Court. A claim for relief from a judgement of conviction by a state court must be brought in federal district court. 28 U.S.C. § 2254(f). While this Court does not have jurisdiction over claims for damages arising unjust federal convictions, *see* 28 U.S.C. §§ 1495 and 2513, the plaintiff was not convicted in federal court and has not otherwise pleaded the necessary prerequisites to bring his claim within this Court's jurisdiction.

    Because this case appears at its core to be an action for writ of habeas corpus and because none of the other claims conceivably asserted by the plaintiff in his Notice otherwise can be construed in any manner to invoke a claim within this Court's limited jurisdiction, this action is **DISMISSED** without prejudice, so that the plaintiff may seek to refile his claims in a court of competent jurisdiction.

    The Clerk is directed to enter judgment accordingly. No costs are awarded.

    **IT IS SO ORDERED.**

_____
Richard A. Hertling
Judge